United States Court of Appeals
Fifth Circuit

**FILED**
December 2, 2004

# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

Charles R. Fulbruge III
Clerk

---

No. 04-30318
Summary Calendar

---

D.C. Docket No. 00-CR-25-ALL

UNITED STATES OF AMERICA

    Plaintiff - Appellee

  v.

HENRY MOORE, JR

    Defendant - Appellant



U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED  DEC 28 2004
LORETTA G. WHYTE
CLERK

Appeal from the United States District Court for the
Eastern District of Louisiana, New Orleans.

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

## J U D G M E N T

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the judgment of the District Court is affirmed.

ISSUED AS MANDATE: DEC 27 2004

___ Fee _____
___ Process _____
_X_ Dktd _____
___ CtRmDep _____
___ Doc. No. 40

A true copy
Test
Clerk, U. S. Court of Appeals, Fifth Circuit
By _____
   Deputy
New Orleans, Louisiana    DEC 27 2004

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 2, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 04-30318
Summary Calendar

---

UNITED STATES OF AMERICA,

                Plaintiff-Appellee,

versus

HENRY MOORE, JR.,

                Defendant-Appellant.

---

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 00-CR-25-ALL

---

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

  Henry Moore, Jr., appeals the district court's revocation of his supervised release. He argues the his constitutional rights were denied when the court denied his request to represent himself as well as his request for a continuance. The constitutional protections required at a revocation hearing do not include the right to self-representation. See Martinez v. Court of Appeal, 528 U.S. 152, 161 (2000); Gagnon v. Scarpelli, 411 U.S. 778, 782 (1973); Morrissey v. Brewer, 408 U.S. 471, 480

---

  [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(1972). Moore had the benefit of counsel at the revocation hearing and the court allowed Moore to argue on his own behalf. Moore's argument that he did not receive timely notice of the charges against him is undercut by counsel's timely receipt of the rule to revoke. See Morrissey, 408 U.S. 480. Moore received a full and fair hearing. See id. The court did not err in denying his request, on the day of the hearing, to represent himself. See United States v. Joseph, 333 F.3d 587, 589 (5th Cir.), cert. denied, 124 S. Ct. 446 (2003). Nor did the court abuse its discretion in denying him a continuance to facilitate self-representation. United States v. Pollani, 146 F.3d 269, 272 (5th Cir. 1998).

    AFFIRMED.